NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BIG BABOON, INC.,**
*Plaintiff-Appellant*

v.

**MICHELLE K. LEE, Director, U.S. Patent and Trademark Office, Deputy Director of the United States Patent and Trademark Office, UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Defendants-Appellees*

---

2016-1232

---

Appeal from the United States District Court for the Western District of Washington in No. 2:14-cv-01771-JLR, Judge James L. Robart.

---

**ON MOTION**

---

Before LINN, *Circuit Judge*.

### O R D E R

Big Baboon, Inc. moves to retransfer this appeal to the United States Court of Appeals for the Ninth Circuit. The Director of the United States Patent and Trademark

Office and the United States Patent and Trademark Office oppose the motion.

During the course of *ex parte* reexamination of two of Big Baboon's patents, several claims were rejected based on evidence presented in third-party declarations. Big Baboon petitioned the Director to strike the declarations, which the Director denied. Big Baboon then filed the underlying action in the United States District Court for the Western District of Washington, contending the Director's actions violated the Administrative Procedure Act. The district court dismissed the complaint, and Big Baboon appealed to the Ninth Circuit. On appeal, the Ninth Circuit transferred the appeal to this court.

The Ninth Circuit's transfer decision is now the "law of the case," such that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation and internal quotation marks omitted). "[A]s a rule[,] courts should be loathe" to "revisit prior decisions of its own or of a coordinate court in any circumstance" "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* at 817 (citation omitted).

At a minimum, the Ninth Circuit's decision to transfer the case to this court was "plausible." *Id.* at 819. Big Baboon's complaint specified that "this action arises under the Patent Act." Moreover, although the complaint alleges procedural due process violations under the APA, at bottom, Big Baboon's complaint directly attacks the validity of *ex parte* reexamination evidentiary procedures. Because that attack plausibly raises a substantial question under the patent laws, jurisdiction properly lies in this court. *See Gunn v. Minton*, 133 S. Ct. 1059, 1066

(2013); *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005).

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

                                              FOR THE COURT

                                              /s/ Daniel E. O'Toole
                                              Daniel E. O'Toole
                                              Clerk of Court

s31